UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MCCANN, | Civil No. 15-381(NLH/AMD) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| KENNEDY HEALTH SYSTEMS and KENNEDY DIALYSIS CENTER, | |
| Defendants. | |

**APPEARANCES:**

JOHN MCCANN
INNOVA CARE
43 N. WHITE HORSE PIKE
HAMMONTON, NJ 08035
    Appearing pro se

**HILLMAN**, District Judge

    WHEREAS, plaintiff, John McCann, appearing *pro se*, has filed a complaint against Kennedy Health Systems and Kennedy Dialysis Center, claiming that defendants violated the Emergency Medical Treatment & Labor Act (EMTALA), 42 U.S.C. § 1395dd(a)-(c)7; and

    WHEREAS, plaintiff claims that when he was receiving dialysis at Kennedy Dialysis Center, he suffered cardiac arrest, but no staff noticed his condition for thirty minutes; and

    WHEREAS, plaintiff claims he was transferred to the hospital, where he remained unconscious for three days, but he

received treatment and eventually recovered; and

    WHEREAS, plaintiff claims that the Dialysis Center's failure to monitor him caused him severe physical and emotional damages, in violation of EMTALA; and

    WHEREAS, plaintiff has filed an application to proceed in forma pauperis (IFP), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

    WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

    WHEREAS, under § 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . [ ] is frivolous or malicious; [ ] fails to state a claim on which relief may be granted; [ ] or seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2); and

    WHEREAS, the Court has reviewed plaintiff's complaint under the standards afforded to *pro se* litigants, Estelle v. Gamble, 429 U.S. 97, 107 (1976) (pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers"); McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure"); and

WHEREAS, the Court finds that plaintiff's claims against the Dialysis Center for its failure to monitor plaintiff's condition do not present a cognizable claim under EMTALA; and

WHEREAS, EMTALA requires hospitals to provide medical screening and stabilizing treatment to individuals seeking emergency care in a nondiscriminatory manner, and EMTALA's requirements are triggered when an "individual comes to the emergency department," 11 42 C.F.R. § 489.24(a)(1); and

WHEREAS, EMTALA does not apply to outpatients, even if during an outpatient encounter "they are later found to have an emergency medical condition ... [and] are transported to the hospital's dedicated emergency department," Torretti v. Main Line Hosps., Inc., 580 F.3d 168, 175-76 (3d Cir.) amended, 586 F.3d 1011 (3d Cir. 2009) (citations omitted); and

WHEREAS, plaintiff has advanced his EMTALA claims against the Dialysis Center for negligent treatment, but he has not made claims which would trigger EMTALA liability, such as a claim that the hospital failed to provide him with proper medical treatment, or that the hospital inappropriately transferred him out of the hospital, see 42 U.S.C. § 1395dd(a)-(c); and

3

WHEREAS, the Court therefore finds that plaintiff's claims under EMTALA fail as a matter of law;

Accordingly,

IT IS on this  14th   day of  March  , 2016

ORDERED that plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file plaintiff's complaint; and it is further

ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk is directed to mark this matter as CLOSED.

At Camden, New Jersey
  s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.